ORIGINAL

# In the United States Court of Federal Claims

No. 17-1820C

(Filed: February 2, 2018)

(NOT TO BE PUBLISHED)

FILED

FEB - 2 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES RUSSIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James Russian, *pro se*, Leavenworth, Kansas.

Anand R. Sambhwani, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirshman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, James Russian, is an inmate at the United States Penitentiary, Leavenworth, Kansas. Compl. at 1; Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 8. On November 17, 2017, Mr. Russian filed a complaint in this case seeking injunctive and monetary relief in a suit against the United States. *See* Compl. at 1. In June 2015, Mr. Russian was convicted of two counts of illegal firearm possession, one count of possession of ammunition by a prohibited person, and one count of possession of marijuana with intent to distribute, Compl. Ex. AA; *see also* Def.'s Mot. at 1, and was sentenced to 101 months in prison, Def.'s Mot. at 1. Among other things, Mr. Russian alleges that his incarceration amounts to "being kidnapped, tortured[,] and hypothecated by [a] foreign state[]." Compl. 1.

Mr. Russian proclaims "himself to be a sovereign citizen, immune to the jurisdiction and rules of" the United States' courts. Compl. Ex. E.[1] He avers that his "[c]itizenship is in [h]eaven" and that he is a "Judicial Power Occupant of [the] Kansas Republic," Compl. Ex. G (emphasis omitted), by virtue of being a "native-born, on American soil," Compl. at 1. This, in Mr. Russian's view, endows him with "all the [r]ights, privileges, and immunities recognized in the Constitution [of the] Kansas Republic." Compl. Ex. G (emphasis omitted). He asserts that he is "not, nor ha[s he] ever been a citizen or subject of the United States," Compl. Ex. G, and is therefore "a foreign sovereign American national who [is] . . . protected by the Foreign Sovereign Immunities Act of 1976." Compl. at 1. Mr. Russian therefore views all actions taken by the United States government as non-binding "commercial acts." *See* Compl. 1-2.

Mr. Russian specifically requests "immediate release from prison," "[e]xtinguishments of all bonds, a full accounting and closure of this case . . . , [and] correcting any and all applicable records pertaining thereto"; clearing his "so called criminal record;" appointment of a trustee "for dealing with the proceeds[] derived from the accounts for which [Mr. Russian] is entitled;" placement of Mr. Russian on a "DO NOT DETAIN OR AP[P]REHEND" list nationwide; settlement of any claims he or his family may file; and "whatever else [the court] deems to be proper and just." Compl. at 13.

Pending before the court is the government's motion for dismissal of Mr. Russian's complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. *See generally* Def.'s Mot. Mr. Russian has responded with a Motion to Strike the government's motion to dismiss, ECF No. 11, and an Affidavit of Notice of Default and Default Judgment, ECF No. 12.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve *pro se* litigants of their obligation to satisfy jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act waives the sovereign immunity of the United States, *see United States v. Mitchell*, 463 U.S. 206, 212 (1983), and provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . for liquidated or unliquidated damages." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not provide a plaintiff with substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v.*

---

[1] For a more detailed explanation of the beliefs and claims of self-titled "Sovereign Citizens," see *Bryant v. Wash. Mut. Bank*, 524 F. Supp.2d 753, 758-59 & n.8 (W.D. Va. 2007).

*United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). Jurisdiction over claims for money damages does not give rise to "independent jurisdiction over . . . claims for equitable relief." *See Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013); *see also United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962); *United States v. Jones*, 131 U.S. 1, 9 (1889), *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867)); *Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief.").

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also Treviño*, 113 Fed. Cl. at 207 ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

The only relief sought by Mr. Russian is equitable, despite his protestations that he has sought monetary relief, and this court lacks jurisdiction over all such claims. *See Taylor*, 113 Fed. Cl. at 173. Even if the court were empowered to afford such relief, the court would still lack jurisdiction over Mr. Russian's claims because they all relate to his request that the court review the decision of the United States District Court for the District of Kansas and overturn his conviction. *See* Compl. at 13, Ex. AA. The Tucker Act does not provide this court with jurisdiction to review the decisions of other federal courts. *See Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013) ("[T]his court does not have jurisdiction over other federal courts or their employees.") (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

Because Mr. Russian has not asserted any claim that gives rise to jurisdiction in this court, this action must be dismissed. *See Thoen*, 765 F.2d at 1116.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Russian's complaint is GRANTED.[2] The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[2]Plaintiff's motion to strike is DENIED, as is his motion for default judgment.

3